UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEFTALI ENEMIAS ESCALANTE-GUTIERREZ,

Petitioner,

v. Case No.: 2:26-cv-02927-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are Neftali Enemias Escalante-Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Escalante-Gutierrez's reply (Doc. 5).

Escalante-Gutierrez is a native and citizen of Guatemala who entered the United States without inspection decades ago—the record does not reflect exactly when. He has developed significant ties to the country, including a daughter who is a U.S. citizen and serves in the Army. His criminal history includes driving under the influence of alcohol, leaving the scene of an accident, solicitation of prostitution, and careless driving. On July 6, 2026, Border Patrol agents arrested Escalante-Gutierrez during a traffic stop. Immigration Judge Stuart Siegel conducted a custody redetermination hearing on August 14, 2026. He determined Escalante-Gutierrez had "not met his burden in

establishing that he is NOT a DTC/Public Safety Risk" in light of his criminal history. (Doc. 4-1 at 2).

Escalante-Gutierrez argues his detention is unlawful because his bond hearing did not satisfy the Due Process Clause of the Fifth Amendment. Not all his points are cognizable in this Court. Escalante-Gutierrez argues Judge Siegel gave favorable evidence too little consideration and unfavorable evidence too much weight. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). The proper way to challenge Judge Siegel's discretion was appeal to the Board of Immigration Appeals (BIA).

The Court does have jurisdiction over one aspect of Escalante-Gutierrez's claim. He asserts the Fifth Amendment requires the government to bear the burden of proof at a custody redetermination hearing. In response, the government argues the detained noncitizen should bear the burden based on regulations and BIA opinions. The government's response does not include a constitutional analysis of the burden-of-proof issue.

The BIA opinions undercut the government's administrative exhaustion argument. Petitioners need not exhaust administrative remedies if "the

administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992); *see also Shalala v. Ill. Counsel on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000). Requiring Escalante-Gutierrez to exhaust his burden-of-proof argument would be futile because the BIA has already rejected it. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond.").

The Court turns to the merits. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Escalante-Gutierrez's favor. First, the right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). The First Circuit identified several reasons why allocating the burden of proof to a detained noncitizen can lead to erroneous outcomes: (1) noncitizens have no right to appointed counsel in immigration proceedings and often cannot obtain counsel on their own, particularly when they are detained; (2) it is difficult for

detained individuals to obtain evidence, while the government has ready access to relevant documents; (3) noncitizens in immigration detention often lack full proficiency in English; (4) government attorneys better understand immigration law and procedures and the particular preferences of individual immigration judges; and (5) proving a negative like lack of danger is often more difficult than proving a cause for concern. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 30-31 (1st Cir. 2021). For these reasons, placing the burden on the noncitizen allows for detention based on lack of evidence rather than proof of a special justification.

Third, the government has a legitimate interest in ensuring noncitizens' appearance at future immigration proceedings and preventing danger to the community. A bond hearing at which the government bears the burden of proof serves those interests while "minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d. Cir. 2020); *see also Tejada v. Powell*, --- F. Supp. 3d ---, 2026 WL 2240991, at *8 (N.D. Ala. 2026) (identifying direct and indirect costs unnecessary detention imposes on government and society).

For these reasons, the Court finds that the Due Process Clause of the Fifth Amendment requires the government to bear the burden of proof at a custody redetermination hearing. The Court will thus order the respondents to either bring Escalante-Gutierrez before an immigration judge for another

bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Escalante-Gutierrez receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Neftali Enemias Escalante-Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Escalante-Gutierrez for an individualized bond hearing before an immigration judge or (2) release Escalante-Gutierrez under reasonable conditions of supervision. If the respondents release Escalante-Gutierrez, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record